IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICHARD ALLEN NUNEZ, III #18864**                                **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO.  1:15cv174-HSO-JCG**

**PEARL RIVER COUNTY COURT & STATE OF
MISSISSIPPI**                                                                **RESPONDENTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Application of Richard Allen Nunez ["Petitioner"] for Writ of Habeas Corpus [9] pursuant to Title 28, United States Code, Section 2241 filed July 23, 2015.  On August 20, 2015, a Motion [12] to Dismiss for Failure to State a Claim was filed on behalf of Sheriff David Allison and Pearl River County Court ["Respondents"].  On September 22, 2015, Petitioner filed a Response [15].  Having reviewed and considered Respondents' Motion, Petitioner's Response, the pleadings and records on file, the arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that Respondents' Motion to Dismiss be granted and Petitioner's request for relief pursuant to 28 U.S.C. § 2241 be denied.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner, an inmate incarcerated at the Pearl River County Jail, Poplarville, Mississippi, and awaiting the disposition of state criminal charges pending against him, filed this Petition [9] for habeas relief pursuant to 28 U.S.C. § 2241 on July 23,

2015.[1]  Petitioner states that he did not have a preliminary hearing within his first 90 days of incarceration.  § 2241 Pet. [1] at p. 1.  Petitioner also claims that the trial judge set an excessive bond and he is unable to communicate with his court appointed attorney.  *Id.* at p. 7.  Petitioner seeks dismissal of the charges against him by pursuing habeas relief in this Court. *Id*. at p. 8.

On August 20, 2015, Respondents filed a Motion [12] to Dismiss for Failure to State a Claim.  Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the deadline for Petitioner to file a response in opposition to Respondents' Motion to Dismiss was September 4, 2015.  On September 9, 2015, the Court entered an Order to Show Cause [13] directing Petitioner to file a response to Respondents' Motion to Dismiss, or to show cause why this Court should not grant Respondents' Motion and dismiss his Petition for Writ of Habeas Corpus.  A copy of the Show Cause Order was mailed to Plaintiff's address of record via USPS certified mail, return receipt requested [article number 7009 1410 0000 7087 1906].   Petitioner filed a Response [15] on September 22, 2015.

## II. DISCUSSION

A pre-trial petition challenging incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final

---

[1]On June 4, 2015, an Order [1] was issued severing Petitioner's habeas claims and directing the Clerk of Court to open a new 28 U.S.C. § 2241 civil action. On June 5, 2015, the Clerk mailed the proper § 2241 form to Petitioner for completion.  Thereafter, on July 23, 2015, the instant Petition was filed.

judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987).  However, "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  The United States Supreme Court has drawn a distinction between a petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense before the petitioner goes to trial, *id.* at 490, and "one who seeks only to enforce the state's obligation to bring him promptly to trial," *id.* (*citing Smith v. Hooey*, 393 U.S. 374 (1969)).

The United States Court of Appeals for the Fifth Circuit in *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976), discussed this distinction.  If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.*  If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial.  *Id.*

In support of the instant Motion, Respondents have attached a copy of a two count indictment endorsed on August 5, 2015, charging Petitioner with two counts of sexual battery. Indictment [12-1] att. as Ex. "A" to Mot. to Dismiss.  In the

3

portion of his Petition [1] requesting relief, Petitioner states that he "would like to get his my charges dropped/dismissed which should have happened after the statute of limitations was up on my preliminary hearing." § 2441 Pet. [1] at p. 8. Petitioner further states in his Response [15] that "all I want is charges dropped and compisation [sic] for lost time." *Id*. at p. 3. Consequently, this Court finds that Petitioner is attempting to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 508-09. Therefore, habeas corpus is not an available remedy and Respondents' Motion to Dismiss for Failure to State a Claim should be granted.

### III. RECOMMENDATION

This Court concludes that Petitioner's requested relief is not a remedy which this Court has the authority to grant. Having considered the Motion, Petition, Response, the record, and the relevant legal authorities, the undersigned United States Magistrate Judge recommends that Respondents' Motion [12] to Dismiss be granted and Application for Writ of Habeas Corpus [1] filed by Petitioner Richard Allen Nunez be dismissed with prejudice.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned

>district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 18th day of November, 2015.

*s/ John C. Gargiulo*
**JOHN C. GARGIULO**
**UNITED STATES MAGISTRATE JUDGE**